UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re

DULYN GROUP, INC.,

                Debtor.
---------------------------------------------------------------x
DULYN GROUP, INC.,

                                      Appellant,

   - against -

MESTER FUNDING GROUP I, LLC, *et al.*,

                                      Appellees.
---------------------------------------------------------------x

**OPINION & ORDER**

No. 23-CV-6296 (CS)

Seibel, J.

      Before the Court is Appellees' Motion to Dismiss the Appeal for Failure to Comply with Fed. R. Bankr. P. 8009. (ECF No. 4.) For the following reasons, the motion is GRANTED.

## **Background**

      Appellant filed a Notice of Appeal in the United States Bankruptcy Court for the Southern District of New York on July 14, 2023, (Bankr. ECF No. 26; *see* ECF No. 1 at 1-2), seeking review of an Order issued by Bankruptcy Judge Sean H. Lane on June 30, 2023, (Bankr. ECF No. 25; *see* ECF No. 1 at 1-2.)[1] Appellant was obliged to file its designation of the items to be included in the record on appeal and a statement of the issues to be presented, (the

---

[1] References to "Bankr. ECF" are to the Bankruptcy Court docket. (*See* Bankr. S.D.N.Y. Case No. 23-22002.) All citations to the parties' filings refer to page numbers set by either this Court's or the Bankruptcy Court's Electronic Case Filing ("ECF") systems.

"Designation and Statement"), by July 28, 2023, as required by Federal Rule of Bankruptcy Procedure 8009(a).

Appellant failed to timely file and serve the Designation and Statement by that date. On September 11, 2023, I issued an Order requiring Appellant, by September 25, 2023, to either: (i) file the Designation and Statement; or (2) withdraw its appeal. (ECF No. 3.) Appellant did not respond to that Order, nor has Appellant filed its Designation and Statement as required by Rule 8009(a) or requested an extension of time to do so. On September 18, 2023, Appellees moved to dismiss the instant appeal due to Appellant's failure to comply with Rule 8009(a). (ECF No. 4.) Appellant has not responded.

## **Legal Standard**

Federal Rule of Bankruptcy Procedure 8009(a) provides that an

> appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented . . . within 14 days after: (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or (ii) an order granting leave to appeal is entered.

Fed. R. Bankr. P. 8009(a). "Rule 8003(a)(2) authorizes a district court to act as it considers appropriate, including dismissing the appeal, where an appellant fails to take any step other than the timely filing of a notice of appeal." *In re 199 E. 7th Street LLC*, No. 17-CV-545, 2017 WL 2226592, at *1 (S.D.N.Y. May 19, 2017).[2] "The Second Circuit has made clear that filing a Designation and Statement is mandatory, and that a late filing will only be accepted if . . . the failure to act was the result of excusable neglect within the meaning of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure." *In re MF Global Holdings Ltd.*, No. 17-CV-167, 2017

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

WL 744603, at *1 (S.D.N.Y. Feb. 23, 2017); *see In re Lynch*, 430 F.3d 600, 605 (2d Cir. 2005) ("[A] bankruptcy appeal cannot proceed without a Designation and Statement" and courts must apply Rule 9006(b)(1) to determine if the untimeliness is the result of excusable neglect, as "there is no scope for an independent analysis" under other procedural rules (such as Rule 8001(a)) when the appeal is precluded without the untimely action).[3]

To determine whether a party has demonstrated "excusable neglect," a court evaluates "all relevant circumstances," including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394-95 (1993). "The Second Circuit has taken a hard line on excusable neglect, finding that . . . the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced." *Curet v. United States*, No. 14-CV-2703, 2017 WL 5897410, at *3 (E.D.N.Y. Nov. 29, 2017). "This hard line approach focuses primarily on the reason for the delay, and specifically whether the delay was in the reasonable control of the movant." *In re Residential Cap., LLC.*, No. 12-BK-12020, 2014 WL 1363368, at *2 (Bankr.

---

[3] While Rule 8001 was renumbered as Rule 8003 when the Federal Rules of Bankruptcy Procedure were modified effective December 1, 2014, "[t]he salient provisions of [the] rule remain unchanged." *In re Zuercher Tr. of 1999*, 2014 WL 7191348, at *9 n.5 (9th Cir. B.A.P. Dec. 17, 2014).

Appellees suggest that the applicable standard is the more flexible one under Rule 8003(a) as set forth in *In re Harris*, 464 F.3d 263 (2d Cir. 2006). (*See* ECF No. 4 at 4-5.) But *Harris* applies where a Designation and Statement has been filed but there is a controversy over its contents, not where an appellant has not filed a Designation and Statement at all. Rule 9006 and *Lynch*, not Rule 8003(a) and *Harris*, govern where the issue is the timeliness of a filing rather than its contents. *Harris*, 464 F.3d at 270 n.5; *In re MSR Resort Golf Course LLC*, No. 17-CV-996, 2017 WL 4773326, at *3 n.4 (S.D.N.Y. Oct. 20, 2017); *In re Quebecor World (USA) Inc.*, No. 15-CV-2112, 2015 WL 4877422, at *1 n.3 (S.D.N.Y. Aug. 14, 2015).

S.D.N.Y. Apr. 7, 2014); *see Piña v. United States*, No. 20-CV-1371, 2022 WL 782996, at *4 (S.D.N.Y. Mar. 15, 2022) ("The Second Circuit has emphasized . . . that it is the third factor – the reason for the delay – that predominates, and the other three are significant only in close cases.").

"The burden of proving excusable neglect lies with the late-claimant," *In re Seven Oaks Partners, LP*, 749 F. App'x 67, 68 (2d Cir. 2019) (summary order), and "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule and . . . where the rule is entirely clear . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test," *In re Enron Corp.*, 419 F.3d 115, 123 (2d Cir. 2005).

## Discussion

As noted above, Appellant has failed to file the Designation and Statement, respond to the September 11 Order, and oppose this motion or otherwise request an extension of time – leaving the Court with no explanation as to the reason for the delay and no basis for finding that it was not within Appellant's reasonable control. *See In re 199 E. 7th Street LLC*, 2017 WL 2226592, at *2. This "fail[ure] to comply with the Federal Rules of Bankruptcy Procedure and the Court's [O]rder[]," standing alone, "is a sufficient reason to dismiss the appeal," *Veeraswamy v. Jones*, No. 19-CV-2129, 2019 WL 6716714, at *2 (E.D.N.Y. Dec. 10, 2019) (collecting cases), and at the very least "weighs strongly" against a finding that Appellant has satisfied its burden of proving excusable neglect, *In re 199 E. 7th Street LLC*, 2017 WL 2226592, at *2.

The remaining *Pioneer* factors do not compel a different conclusion. Even assuming for the sake of argument that Appellant has acted in good faith, that the risk of prejudice to

4

Appellees is minimal, and that a two month delay is not substantial,[4] "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule." *United States v. $610,210 in United States Currency*, No. 21-CV-4854, 2022 WL 1125980, at *5 (S.D.N.Y. Apr. 15, 2022). The relevant rules here – namely, the Designation and Statement filing requirement contained in Rule 8009(a) and this Court's September 11 Order – could not have been clearer. Appellant failed to respond whatsoever, let alone to make the requisite submissions with an adequate explanation as to why its delay was excusable. In such circumstances, Appellant cannot show excusable neglect and must lose under the *Pioneer* test. *See In re Residential Cap., LLC*, No. 16-CV-8549, 2016 WL 7477558, at *3 (S.D.N.Y. Dec. 28, 2016) ("[B]ecause the deadline for Appellant to file his brief was entirely clear, Appellant cannot show excusable neglect and loses under the *Pioneer* test.").

In sum, because Appellant has "fail[ed] to file a Designation and Statement on time, and [its] untimely filing is disallowed because no excusable neglect has been shown, the appeal has to be at an end." *In re Lynch*, 430 F.3d at 605; *see In re MSR Resort Golf Course LLC*, 2017 WL 4773326, at *4 (granting motion to dismiss appeal with prejudice where "[appellant's] failure to follow FRBP 8009 was not the result of excusable neglect").

## Conclusion

For the foregoing reasons, Appellees' Motion to Dismiss the Appeal, (*see* ECF No. 4), is GRANTED. The Clerk of Court is respectfully directed to close the case.

---

[4] The latter is a generous assumption, as there is no end in sight to the delay because Appellant has not requested an extension of time to file, and courts have held that delays of approximately three months are meaningful in the excusable neglect analysis. *See, e.g.*, *In re 199 East 7th Street LLC*, 2017 WL 2226592, at *2 (delay of more than three months in filing Designation and Statement is "significant") (collecting cases); *In re The Alphas Co. of N.Y. Inc.*, No. 15-CV-1106, 2016 WL 347341, at *3 (S.D.N.Y. Jan. 27, 2016) (no excusable neglect for seventy-nine day delay in filing Designation and Statement).

**SO ORDERED.**

Dated: October 3, 2023
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.